EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
          Plaintiff, )      Civil Action No. 15-411
)
    v. )
)      **COMPLAINT**
RENAISSANCE SCHOOL, INC., )      (Jury trial demanded)
)
          Defendant. )
_____)

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967 ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and Title I of the Civil Rights Act of 1991 ("Title I") to correct unlawful employment practices based on age and sex and to provide appropriate relief to Boro Beau Bosovich, whom such practices adversely affected. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC") alleges that in September 2013, Renaissance School, Inc. ("RSI") violated the ADEA and Title VII by firing Mr. Bosovich because of his age and sex.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to:

- Section 7(b) of the ADEA, as amended (29 U.S.C. § 626(b)), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217;

- Section 706(f)(1) and (3) of Title VII, as amended (42 U.S.C. § 2000e-5(f)(1) and (3)); and

- Section 102 of the Civil Rights Act of 1991 (42 U.S.C. § 1981a).

2.     The employment practices alleged to be unlawful were, and are being, committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3.     The EEOC is the agency of the United States of America charged with administering, interpreting, and enforcing the ADEA and Title VII and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705, and by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, defendant Renaissance School, Inc. ("RSI"), which is headquartered in Racine, Wisconsin, has continuously been a corporation doing business in Wisconsin and the Eastern District of Wisconsin and has continuously had at least 20 employees.

5.     At all relevant times, RSI has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g), and (h) of the ADEA (29 U.S.C. §§ 630(b), (g), and (h)) and Sections 701(b), (g), and (h) of Title VII (42 U.S.C. §§ 2000e(b), (g), and (h)).

## STATEMENT OF CLAIMS

6.     On or about February 12, 2014, more than 30 days before the institution of this suit, Boro Bosovich filed a charge with the EEOC alleging RSI violated the ADEA and Title VII.

7.     On October 3, 2014, the EEOC determined that there was reasonable cause to believe that RSI had violated the ADEA and Title VII, respectively, as amended, by firing Mr. Bosovich because of his age and sex.

2

8. The conciliation efforts required by law have occurred and were unsuccessful.

(a) On October 3, 2014, the EEOC issued a "Determination" letter inviting RSI to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief to Mr. Bosovich.

(b) On March 20, 2015, the EEOC issued a letter advising RSI that, despite its efforts, the EEOC was unable to secure from RSI a conciliation agreement acceptable to the EEOC.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. From September 10, 2013, through September 13, 2013, Mr. Bosovich worked as a Principal/Supervisor at RSI's school in Kenosha, Wisconsin.

11. Since at least September 11, 2013, RSI has engaged in unlawful employment practices at its school in Kenosha, Wisconsin, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it fired Mr. Bosovich, who was in the protected age group defined in ADEA Section 12, 29 U.S.C. § 631, from his Principal/Supervisor position because it considered him too old for the job.

12. Since at least September 11, 2013, RSI has engaged in unlawful employment practices at its school in Kenosha, Wisconsin, in violation of Title VII Section 703(a), 42 U.S.C. § 2000e-2(a), when it fired Mr. Bosovich because of his sex (male).

13. The practices complained of in Paragraph 11 deprived Mr. Bosovich of equal employment opportunities, and otherwise adversely affected his employee status, because of age.

14. The practices complained of in Paragraph 12 deprived Mr. Bosovich of equal employment opportunities, and otherwise adversely affected his employee status, because of sex.

15. The unlawful employment practices complained of in Paragraph 11 were willful.

16.     The unlawful employment practices complained of in Paragraphs 11 and 12 were intentional.

17.     The unlawful employment practices complained of in Paragraphs 11 and 12 were done with malice and with reckless indifference to Mr. Bosovich's federally-protected rights.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining RSI and its subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate against individuals 40 years of age and older by terminating their employment because of their age.

B.     Grant a permanent injunction enjoining RSI and its subsidiaries, officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from limiting, segregating, or classifying any employee in any way which would deprive, or tend to deprive, that employee of employment opportunities or otherwise adversely affect his status as an employee because of his sex; from engaging in any employment practice which discriminates on the basis of sex; and from engaging in discrimination based on retaliation and any other employment practice which discriminates on the basis of engaging in activities protected by the ADEA or Title VII.

C.     Order RSI to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, for men, and for individuals who have engaged in activities protected by the ADEA or Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D.      Grant a judgment requiring RSI to pay Mr. Bosovich appropriate back wages, including lost benefits, in an amount to be determined at trial, an equal sum as liquidated damages, and pre-judgment interest.

E.      Order RSI to make Mr. Bosovich whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described in Paragraph 12, including emotional pain, suffering, and inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order RSI to pay punitive damages to Mr. Bosovich for its malicious and reckless conduct, as described in Paragraph 12, in amounts to be determined at trial.

G.      Order RSI to make Mr. Bosovich whole by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including (but not limited to) rightful-place reinstatement or front pay, including lost benefits, as necessary in lieu of reinstatement.

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

I.      Award the EEOC its costs of this action.

<u>JURY TRIAL DEMAND</u>

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

5

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, DC  20507


John C. Hendrickson
Regional Attorney

Jean P. Kamp
Associate Regional Attorney

EEOC Chicago District Office
500 West Madison Street - Suite 2000
Chicago, IL 60661
*Telephone*:       (312) 869-8116 (Kamp)
*Fax*:               (312) 869-8124
*E-mail*:   john.hendrickson@eeoc.gov
*E-mail*:   jean.kamp@eeoc.gov

Dated:   April 7, 2015        *s/ César J. del Peral*_____
                             César J. del Peral (WI Bar No. 1084838)
                             Senior Trial Attorney

                             EEOC Milwaukee Area Office
                             310 West Wisconsin Avenue - Suite 500
                             Milwaukee, WI  53203-2276
                             *Telephone*:   (414) 297-1114
                             *Fax*:           (414) 297-3146
                             *E-mail*:     cesar.delperal@eeoc.gov

6